**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **KENARDO REGIS THOMAS,** | : | |
| | : | **Civil Action No. 15-5636 (ES)** |
| **Petitioner,** | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| **CHRISTOPHER SHANAHAN, et al.,** | : | |
| | : | |
| **Respondents.** | : | |
| | : | |

**SALAS, DISTRICT JUDGE**

## I. INTRODUCTION

Petitioner Kenardo Regis Thomas ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Bergen County Jail in Hackensack, New Jersey, pending his removal from the United States. On or about July 9, 2015, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his detention. (D.E. No. 1, Petition ("Pet.")). For the reasons stated below, this Court will deny the Petition.

## II. BACKGROUND

Petitioner is a native and citizen of Jamaica. (Pet. at 4). The only other information Petitioner provides about his detention proceedings is that ICE took him into custody on February 25, 2014 and his order of removal became final on December 19, 2014.[1] (*Id.* at 6). Petitioner is

---

[1] Petitioner does provide a substantial amount of information about the criminal conviction which rendered him eligible for deportation, however pursuant to the REAL ID Act, this Court lacks jurisdiction over any claims asserted by Petitioner which seek to challenge his underlying removal order. *See* REAL ID Act, 8 U.S.C. § 1252(a)(5) (stating "[n]otwithstanding any other provision

seeking release from custody, or, in the alternative, a bond hearing before an immigration judge. (*Id.* at 14).

## III. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, and because Petitioner asserts that his detention is not statutorily authorized. *See Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973).

### B. Analysis

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal.

---

of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act...."

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien.   Section 1226(a) authorizes the Attorney General to arrest, and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c).   Section 1226(a) provides, in relevant part:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-

(1) may continue to detain the arrested alien; and

(2) may release the alien on-

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole; ...

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

The Attorney General shall take into custody any alien who—

(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

(B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or

(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

3

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

"Post-removal-order" detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90–day "removal period." The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  During the removal period, "the Attorney General shall detain the alien."  8 U.S.C. § 1231(a) (2).  Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."  533 U.S. at 689.  To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention.  *Id.* at 701.  The Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  *Id.* Specifically, the Supreme Court determined that:

4

[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

In this case, Petitioner devotes the majority of his Petition to arguments regarding § 1226 detention. However, by Petitioner's own admission, a final order of removal was entered against him on December 19, 2014. (Pet. at 6). Therefore, § 1226 and its relevant case law are inapplicable to Petitioner. His detention is governed by § 1231. *See* 8 U.S.C. § 1231(a); *Zadvydas*, 533 U.S. at 683.

As stated above, there is a six month presumptively reasonable detention period for those individuals detained under § 1231 and while Petitioner had been detained for seven months post-removal order at the time he filed his Petition, the *Zadvydas* Court emphasized that "[t]his 6–month presumption [ ] does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under § 2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. *Id.* Petitioner has not made such a showing here. He has provided no indication that his removal is not reasonably foreseeable and in fact does not address this aspect of the *Zadvydas* holding at all. Under these circumstances, *Zadvydas* does not require DHS to respond by showing that removal is foreseeable. *Id.* ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

5

foreseeable future, the Government must respond with evidence sufficient to rebut that showing."). *See also Barenboy v. Attorney Gen. of U.S.*, 160 F. App'x 258, 261 n. 2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. . . .   Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted); *Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005) ("Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and [petitioner] has failed to make that showing here.").

Accordingly, *Zadvydas* requires this Court to dismiss the Petition without ordering the government to respond, as Petitioner has not alleged facts showing that his detention violates the Constitution, laws or treaties of the United States.[2]  This denial is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Petitioner can allege facts, at the time of filing, showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

---

[2] Petitioner also alleges that his procedural due process rights have been violated.  He states that he was not given a meaningful opportunity to demonstrate why he should not be detained.  (Pet. 12).  However, under *Zadvydas*, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six month period and he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. *See also Hlimi v. Holder*, Nos. 13–3210, 13–3691, 2013 WL 4500324, at *4 (D.N.J. Aug. 20, 2013) (rejecting a similar due process claim and finding that petitioner is entitled to a hearing only where he has been detained beyond the presumptively reasonable six month period and he alleges facts that there is no significant likelihood of removal in the reasonably foreseeable future); *Wilson v. Hendricks*, No. 12–7315, 2013 WL 324743, at *2 (D.N.J. Jan. 25, 2013) (same); *Skeete v. Holder*, No. 13–1751, 2013 WL 3930085, at *3 (D.N.J. July 30, 2013) (same).

## IV. CONCLUSION

For the reasons set forth above, the Petition will be denied without prejudice.   An appropriate order follows.

Dated: *August 13, 2015*

Esther Salas, U.S.D.J.

7